```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SCOTT NORTHROP,                  :
                                 :
     Plaintiff,                  :
                                 :        PRISONER
v.                               :        Case No. 3:04-CV-103 (RNC)
                                 :
KITCHEN SUPERVISOR CARUCCI,      :
ET AL.,                          :
                                 :
     Defendants.                 :
```

## RULING AND ORDER

Plaintiff, a Connecticut inmate, has brought this suit under 42 U.S.C. § 1983 seeking damages for alleged indifference to his ulcerative colitis. The case is now before me on his second motion for a temporary restraining order or preliminary injunction [Doc. #64]. For the reasons that follow, the motion is denied.

"[I]nterim injunctive relief is an 'extraordinary and drastic remedy which should not be routinely granted.'" Buffalo Forge Co. v. Ampco-Pittsburgh Sec. II Corp., 638 F.2d 568, 569 (2d Cir. 1981) (quoting Med. Soc'y of N.Y. v. Toia, 560 F.2d 535, 538 (2d Cir. 1977)). To obtain such relief, plaintiff "must demonstrate (1) that [he] will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make them a fair ground for litigation, and a balance of hardships tipping decidedly in [his] favor." Brewer v. W. Irondequoit Cent. Sch. Dist., 212 F.3d 738,

743-44 (2d Cir. 2000).  Irreparable injury is "an injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 97 (2d Cir. 2005) (internal quotation marks omitted).[1]

Plaintiff first moved for a temporary restraining order and preliminary injunction in March 2005.  [Doc. #44.]  In that motion, he contended that prison kitchen staff had stopped providing him with low-residue meals.  During a telephone conference with Magistrate Judge Martinez, plaintiff stated that he had been receiving satisfactory meals for two weeks and he withdrew his motion in exchange for defendants' representation that the diet would continue.  [See Doc. #58.]  The parties also agreed that plaintiff's treating physician would provide him with an affidavit explaining his dietary and nutritional needs.  [See Doc. #58.]

Plaintiff filed the present motion in October 2005.  He stated that the defendants had failed to provide him with the agreed-upon affidavit from his treating physician, that his food was sometimes undercooked, and that he was suffering from bloody

---

[1] A court need not hold an evidentiary hearing on a motion for preliminary injunctive relief when the "essential facts are not in dispute."  Md. Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir. 1997).  After careful review of the record, I find that an evidentiary hearing is unnecessary because the disputed facts are not material to the issue of irreparable harm.

diarrhea requiring hospitalization.

Not long after the motion was filed, plaintiff was admitted to the University of Connecticut Health Center for treatment. In addition, he was recently provided with a sworn statement from his treating physician regarding his dietary needs. [See Doc. #78.] All that remains to be addressed, therefore, is his complaint about the kitchen staff's undercooking of his food.

Plaintiff offers no evidence that the undercooking described in his motion (consisting mainly of a failure to thoroughly heat frozen fish patties) made him ill, caused him to go without eating, or otherwise posed a risk of harm justifying injunctive relief. Moreover, in response to plaintiff's motion, defendants have represented that procedures are in place for plaintiff to inform kitchen staff of undercooking errors and for such errors to be corrected. In the absence of any new allegations by the plaintiff, it is reasonable to conclude that injunctive relief against undercooking is unwarranted.

Accordingly, plaintiff's second motion for a temporary restraining order or preliminary injunction [Doc. #64] is hereby denied without prejudice.

So ordered this 24th day of July 2006.


                                /s/
                          Robert N. Chatigny
                    United States District Judge